Filed 1/20/22  P. v. Reyes CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B311849 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA053574-02) |
| v. | |
| LEO ANTHONY REYES, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Kathleen Kennedy, Judge.  Affirmed.

Leo Anthony Reyes, in pro. per., and Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Leo Anthony Reyes was convicted following a jury trial in 2006 of two counts of second degree murder and one count each of attempted murder and shooting at an occupied motor vehicle and sentenced to an aggregate indeterminate state prison term of 40 years to life.  We affirmed the convictions and sentence on appeal.  (*People v. Reyes* (2008) 159 Cal.App.4th 214.)

On January 18, 2019 Reyes, representing himself, filed a petition for resentencing pursuant to Penal Code section 1170.95.[1]  The superior court denied the petition after appointing counsel for Reyes and receiving briefing from the prosecutor and Reyes's appointed counsel, finding Reyes ineligible for relief as a matter of law because, although Reyes was not the actual shooter, the prosecutor at the trial of Reyes and his codefendant, Sergio Ginez, had not relied upon, and the jury was not instructed concerning, the felony-murder rule or the natural and probable consequences doctrine.

No arguable issues have been identified following review of the record by Reyes's appointed appellate counsel.  We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Reyes in his supplemental brief.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Gang-related Murders*

The evidence presented at Reyes's joint trial with Ginez— primarily the testimony of the surviving victim, Juan Cortez, three eyewitnesses and the People's gang expert—is summarized in our opinion affirming Reyes's and Ginez's judgments of conviction.  (*People v. Reyes*, *supra*, 159 Cal.App.4th 214.)

---

[1]     Statutory references are to this code.

The shooting took place near Venice Beach in territory claimed by the Venice 13 criminal street gang. Members of Venice 13 wear the color blue. Reyes and Ginez were members of the Culver City Boys gang, a rival of Venice 13. Culver City Boys's gang colors are red.

Reyes, driving his reddish colored (maroon) Mercedes, with Ginez in the passenger seat, pulled up next to a parked blue Camaro. Cortez, who was wearing blue shorts, a blue shirt and blue hat, Victor Rodriguez and Jose Acosta were in the Camaro. Cortez heard Ginez say, "Where you from, ese?" Before Cortez could answer, "I don't bang," Ginez began shooting. He fired 15 shots into the Camaro, five of which hit Cortez. Rodriguez and Acosta died at the scene. (Cortez, Rodriguez and Acosta were not Venice 13 gang members. The prosecutor's theory was that Ginez believed they were because they were young Latino men showing blue in territory claimed by Venice 13.)

Following a police emergency call, Reyes and Ginez were apprehended. Eyewitnesses taken to the site of their arrest identified both men and the Mercedes as the car involved in the shooting. Cortez, who was taken directly to the hospital, later picked Ginez from a six-person photo display, and then identified him again at the preliminary hearing and at trial. When police searched the Mercedes, they found a red bandana. In the glove box were four live cartridges in a sock. The four cartridges matched the nine-millimeter caliber and the branding of the 15 nine-millimeter shells left at the shooting scene.

The jury convicted Reyes as an aider and abettor on two counts of second degree murder (§ 187, subd. (a)) and one count of (unpremeditated) attempted murder (§§ 187, subd. (a), 664), as well as shooting at an occupied vehicle (§ 246), and found

3

true associated firearm-use and criminal street gang enhancements (§§ 12022.53, subds. (d) & (e)(1), 186.22, subd. (b)).[2]  Reyes was sentenced to an aggregate indeterminate state prison term of 40 years to life.  We affirmed the conviction and sentence on appeal.  (*People v. Reyes*, *supra*, 159 Cal.App.4th 214.)

>    2.  *Reyes's Petition for Resentencing*

On January 18, 2019 Reyes filed a petition for resentencing under section 1170.95.  The superior court summarily denied the petition on March 4, 2019, finding Reyes was ineligible for relief as a matter of law:  "Although [Reyes] was convicted of murder as an aider and abettor who was not the actual killer, the prosecution did *not* rely on a theory of felony murder of any degree, nor on a theory of natural and probable consequences.  The jury was never instructed on either of these theories."

On November 15, 2019 the superior court reconsidered Reyes's petition, appointed counsel to represent Reyes and ordered briefing.  The prosecutor filed a response opposing the petition, which attached copies of the jury instructions given at Reyes's trial and our opinion affirming the judgment on direct appeal.  Reyes's appointed counsel filed a supplemental petition

---

[2]     The jury convicted Ginez of two counts of first degree murder (§ 187, subd. (a)), one count of attempted willful, deliberate and premeditated attempted murder (§§ 187, subd. (a), 664), as well as other felonies, and found true the special circumstance allegations that Ginez had committed multiple murders.  (§ 190.2, subd. (a)(3).)  Ginez was sentenced to two consecutive terms of life without parole plus 70 years.

in August 2020 and an additional points and authorities on February 22, 2021.[3]

On April 2, 2021 the superior court again denied Reyes's petition, finding him ineligible for relief as a matter of law.[4]

Reyes filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437*

Senate Bill No. 1437 (Stats. 2018, ch. 1015), effective January 1, 2019, substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder.  (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted

---

[3]     On October 13, 2020 the court indicated it had received a letter (dated October 3, 2020) it considered to be a request for a *Marsden* hearing.  (*People v. Marsden* (1969) 2 Cal.3d 118.) Following a hearing the court denied the request to replace Reyes's appointed counsel.

[4]     Prior to ruling on the section 1170.95 petition on April 2, 2021, the court stated it had received a second letter from Reyes (dated March 19, 2021) it considered to be a *Marsden* motion.  A hearing was held, and the second motion was denied.

of murder because of Senate Bill No. 1437's changes to the definition of the crime.  (*Lewis*, at p. 957; *Gentile*, at p. 843.)

In determining whether a petitioner has carried the burden of making a prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, it is appropriate to examine the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

2. *Reyes's Appeal*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Reyes on appeal. After reviewing the record, Reyes's counsel filed a brief raising no issues.  Appointed counsel advised Reyes on November 15, 2021 that he had 30 days after he filed his no-issue brief to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.  We provided a similar notice to Reyes on the same date.

On December 13, 2021 we received a two-page typewritten supplemental letter brief from Reyes pointing out that the Legislature had enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022, which amended section 1170.95 to expressly include within its reach certain convictions for attempted murder and voluntary manslaughter.  As Reyes indicates in his letter, section 1170.95, subdivision (a), now provides, "A person convicted of felony murder or murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*, attempted murder under the natural

and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (Italics added.)[5]

Notwithstanding Senate Bill 775's expansion of the reach of section 1170.95's ameliorative provisions for resentencing, a direct aider and abettor of murder and attempted murder remains ineligible for resentencing relief as a matter of law. (*People v. Gentile, supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought"]; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 931 ["Senate Bill 1437 did not change accomplice liability for murder under direct aiding and abetting principles. [Citation.] 'One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law'"].) Reyes does not argue otherwise in his

_____

[5] In an uncodified statement of its intent in enacting Senate Bill 775, the Legislature declared the legislation "(a) Clarifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. [¶] (b) Codifies the holdings of People v. Lewis (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case. [¶] (c) Reaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt. [¶] (d) Addresses what evidence a court may consider at a resentencing hearing (clarifying the discussion in People v. Lewis, supra, at pp. 970-972)." (Stats. 2021, ch. 551, § 1.)

supplemental letter brief or present any other basis for us to reverse the superior court's order denying his petition.

Because no cognizable legal issues have been raised by Reyes's appellate counsel or by Reyes or identified in our independent review of the record, which included a review of the confidential reporter's transcript of the *Marsden* hearings, the order denying the postjudgment motions is affirmed.  (See *People v. Cole, supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

8